UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DSCH CAPITAL PARTNERS, LLC           CIVIL ACTION NO. 15-cv-1744

VERSUS                                JUDGE HICKS

HYPOWER, INC., ET AL                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

    This case is before the court based on an assertion of diversity jurisdiction, so it is incumbent upon the parties asserting jurisdiction to set forth facts that establish complete diversity of citizenship. The notice of removal filed by Hypower, Inc. properly alleges its citizenship as a corporation incorporated in Florida with its principal place of business in Florida. It also properly asserts that defendant Kuphal is an individual domiciled in Florida. The notice of removal alleges that DSCH Capital Partners, LLC, the plaintiff, is domiciled in Texas and a citizen of that state. That allegation is not sufficient to set forth the citizenship of a limited liability company or other unincorporated entity. Those rules can be found in cases such as Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W. D. La. 2014) and Burford v. Stateline Gathering System, LLC, 2009 WL 2487988 (W. D. La. 2009).

    Parties who do not allege with specificity the citizenship of each party while the case is in the district court run the risk of what happened in Howrey v. Allstate, 243 F.3d 912 (5th Cir. 2001), where Allstate saw a favorable judgment thrown out on appeal because it neglected to plead all details of citizenship when in the district court. Hypower is directed

to file an Amended Notice of Removal by **June 29, 2015** and set forth in detail, in accordance with the rules set forth in the cited cases, the citizenship of DSCH. Counsel for DSCH are directed to promptly provide this information to counsel for Hypower so that the preliminary issue of subject-matter jurisdiction may be resolved without undue delay.

Hypower filed a third-party complaint against Crider Americas Solar, LLC. The pleading describes Crider as a Texas LLC with its principal place of business in Texas. That is not adequate to allege the citizenship of Crider. It may be that the court has supplemental jurisdiction over the claim against Crider without regard to its citizenship, but the citizenship of the party should nonetheless be clear in the record. Hypower may amend its third-party complaint, or Crider may include its citizenship information in its answer. The issue will need to be resolved before a scheduling conference will be set.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of June, 2015.

Mark L. Hornsby
U.S. Magistrate Judge