UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DSCH CAPITAL PARTNERS, LLC         CIVIL ACTION NO. 15-cv-1744

VERSUS         JUDGE HICKS

HYPOWER, INC., ET AL         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

This case is before the court based on an assertion of diversity jurisdiction, so it is incumbent upon the parties asserting jurisdiction to set forth facts that establish complete diversity of citizenship. The original notice of removal filed by Hypower, Inc. properly alleges its citizenship as a corporation incorporated in Florida with its principal place of business in Florida. It also properly asserts that defendant Kuphal is an individual domiciled in Florida. The notice of removal alleges that DSCH Capital Partners, LLC, the plaintiff, is domiciled in Texas and a citizen of that state.

The court noted in an earlier order (Doc. 94) that the allegation of DSCH's citizenship was not sufficient to set forth the citizenship of an LLC or other unincorporated entity. The order stated that the rules regarding the citizenship of an LLC can be found in cases such as Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W. D. La. 2014) and Burford v.

Stateline Gathering System, LLC, 2009 WL 2487988 (W. D. La. 2009).[1] Hypower was directed to file an Amended Notice of Removal and set forth in detail, in accordance with the rules set forth in the cited cases, the citizenship of DSCH. Counsel for DSCH were directed to promptly provide this information to counsel for Hypower so that the preliminary issue of subject-matter jurisdiction may be resolved without undue delay.

Hypower filed an Amended Notice of Removal (Doc. 100), but it appears to attempt to allege the citizenship of DSCH as if it were a corporation rather than an LLC. That is not sufficient, under the rules set forth in the cited cases cited and Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir.2008), to allege the citizenship of the LLC. Hypower will be allowed one more opportunity to meet its burden of establishing diversity. The deadline for filing a proper Amended Notice of Removal is **July 27, 2015**. If Hypower does not meet its burden, the case may be remanded for lack of subject matter jurisdiction.

The court noted in the earlier order that Hypower filed a third-party complaint against Crider Americas Solar, LLC. The pleading describes Crider as a Texas LLC with its principal place of business in Texas. That is not adequate to allege the citizenship of Crider. Hypower was told it could amend its third-party complaint, or Crider could include its citizenship information in its answer, but the issue would need to be resolved before a

---

[1] The citizenship of an LLC is determined by the citizenship of all of its members. If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. The state of organization and principal place of business are irrelevant.

scheduling conference will be set. Hypower's amended notice of removal attempted to allege the citizenship of Crider, but Hypower followed the rules for the citizenship of a corporation rather than those for an LLC. This issue also needs attention.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of July, 2015.

Mark L. Hornsby
U.S. Magistrate Judge